# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**MARK E. TOWNER**
21 LAKEWOOD PL
NEW ORLEANS, LA 70131

**Plaintiff**

-vs-

**CHRISTOPHER RANDALL COOK**
28 Willow Dr.
Gretna, LA 70053

**JANIS COOK**
3936 Dominique Dr.
Chalmette, LA 70043

**A PLACE FOR ROVER INC.**
Registered Agent
711 Capitol Way S
Ste 204
Olympia, WA 98501-1267

**ST. BERNARD PARISH ANIMAL CONTROL** as capacity of
**AMANDA FORDE** Director of Animal control
8201 W Judge Perez Dr.
Chalmette, LA 70043

**Defendant(s)**

CIVIL ACTION: 23-01597

SECT.E MAG.2

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED May 12 2023

CAROL L. MICHEL
CLERK
AJ                          Walk-In

**Proper Federal Judicial Jurisdiction:**

1. **On December 13, 2022** plaintiff received a letter from Blue Cross and Blue Shield of Louisiana department of Subrogation and Workers compensation recovery demanding reimbursement for previously paid ER and ongoing medical expenses that have paid for the treatment of plaintiff under **FEHBA 5 U.S.C § 8901-8914**. Medical Insurance provided to workers by a government contract entered pursuant to **FEHBA** between the United States Office of Personnel Management and Blue Cross Blue Shield. The plan is financed with funds held in the US Treasury. Thus, the benefits initially paid and ongoing on behalf of **MARK**

Fee 402.00 receipt 20000192
Process
X Dktd
CtRmDep
Doc. No.

TENDERED FOR FILING

MAY 1 2 2023

U.S. DISTRICT COURT
Eastern District of Louisiana

E. **TOWNER** came from funds in the U.S. Treasury and in the event of an accident caused by another party require reimbursement.

2. This case involves **multiple At-Fault-Parties** who have intentionally failed to respond in any manner and have not provided Liability Insurance company information after receiving multiple certified letters. This fulfills the obligation to attempt to resolve this issue prior to filing a Complaint in Federal court.

3. **$75,000 Rule:** Medical expenses and damages will exceed $75,000 threshold.

4. A place called Rover Inc. is incorporated in the State of Washington and operates in all 50 US states and internationally. This issue is a Federal Law question that can only be adjudicated in the Federal District court.

**Plaintiff requests expedited preliminary hearing to perfect all claims.**

### FIRST CAUSE OF ACTION: NEGLIGENCE

**Defendants CHRISTOPHER RANDALL COOK, JANIS COOK, A PLACE FOR ROVER Inc., ST. BERNARD PARISH ANIMAL CONTROL, AMANDA FORDE** are individuals, corporations, and government agencies who, on 04/29/2022, were the owners, keepers, employers, harborers and animal control agency responsible for **(Sage, Animal # A50129606)**, a Terrier, American Pit Bull Mix (hereinafter, the "Dog").

1. Christopher Randall Cook is an individual over the age of 18.

2. Janis Cook is an individual over the age of 18.

3. A Place Called Rover, Inc. is a corporation incorporated in the State of Washington and operating in the State of Louisiana.

4. St. Bernard Parish Animal Control is a government agency in St. Bernard Parish.

5. Amanda Forde is the Director of the St. Bernard Parish Animal Control.

6. Christopher Randall Cook is the legal owner for residence 3936 Dominique Dr, Chalmette Louisiana, United States (the "place of business").

7. Janis Cook was the occupant of the place of business.

8. Janis Cook was offering dog boarding services through A Place for Rover Inc.

9. St. Bernard Parish is agency responsible for animal control, citations, enforcement, and licensing.

10. The Defendants including persons or entities named in this complaint were unknown to Plaintiff before attack.

11. Each Defendant was the agent, co-conspirator, or employee of each other Defendants, and, in doing the things complained of herein, was acting within the course and scope of said agency, conspiracy or employment.

12. Plaintiff is informed and believes, and thereon alleges, that each Defendant who is named in this Complaint is responsible, in some manner, for the acts, omissions and occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants as a whole or separately.

13. On 04-29-2022, Plaintiff was scheduled to board Bella with Janis Cook at the place of business.

14. Before the Mark E. Towner (the Plaintiff) entered the place of business, an American Pit Bull Terrier mixed breed dog (hereinafter "the Dog") came out of the place of business and inflicted bodily injuries upon and the Plaintiff and his miniature Bichon/Poodle mix (hereinafter Bella).

15. The Dog attacked Bella pinning her to the ground and biting her neck.

16. The Dog would not let go of Bella.

17. The Plaintiff tried to free Bella.

18. The Dog let go of Bella and bit and clawed the Plaintiff.

19. A police report #2204-3919 was filed with Sheriff's office by Ochsner ER Medical Department staff and statement provided to Sargent Gould. On 04/28/2022 approximately 10pm. St. Bernard Parish Animal Control was contacted directly by plaintiff after receiving no follow up. Plaintiff contacted Animal control on 04/29/2022 at 01:31pm and (Case# C06928691) was opened by St. Bernard Parish's Animal Control.

20. On 04-29-2022, Mark E. Towner was not an owner, keeper or harbored the Dog.

21. Defendants and each of them had a duty to prevent the Dog from inflicting bodily injuries upon the Plaintiff and Bella.

22. Each Defendant's actions and omissions with respect to the care and control of the Dog constituted a breach of said Defendant's duty to prevent the Dog from attacking and inflicting bodily injuries upon the Plaintiff and Bella.

23. The sole and proximate cause of Plaintiff's and Bella's injuries and damages alleged herein was each Defendant's negligent breach of duty to prevent the Dog's attack and injury to Plaintiff and Bella.

24. Plaintiff sustained bodily and psychological injuries.

25. Bella sustained bodily and psychological injuries.

26. The Plaintiff's injuries will result in permanent scarring and immobility in his right little finger and wrist/hand.

27. As a result of these injuries, Plaintiff and Bella have suffered general damages.

28. The Plaintiff will continue to incur future medical treatment costs, psychological treatment costs, and other costs.

29. The Plaintiff will also incur a loss of earning capacity.

30. The full amount of all such damage is not known currently and therefore is subject to proof at trial.

## SECOND CAUSE OF ACTION:
## COMMON LAW STRICT LIABILITY
## BASED ON KNOWN DANGEROUS PROPENSITIES

31. Each one of the allegations of the First Cause of Action stated in paragraphs 1-30 are incorporated in this cause of action.

32. Prior to and on 04-29-2022, the Dog and dog breed had the dangerous propensity to viciously bite people.

33. Prior to and on 04-29-2022, the Defendants and each of them knew or had reason to know that the Dog had the dangerous propensity to viciously bite people and other dogs.

34. The sole and proximate cause of the Plaintiff's and Bella's injuries as alleged herein was each Defendant's ownership, harboring and government agency keeping of this Dog with knowledge of its dangerous propensity to viciously bite people and other dogs.

## THIRD CAUSE OF ACTION:
## STATUTORY STRICT LIABILITY
## BASED ON THE DOG BITE STATUTE

35. Each one of the allegations of the Actions stated above in paragraphs 1-34 are incorporated in this cause of action.

36. On 04/29/2022, the Defendants and each of them were the owners of the Dog, property, or a controlling agency.

37. On 04/29/2022, the Dog bit both Bella and the Plaintiff.

38. On 04/29/2022, the Dog inflicted bodily injuries upon the Plaintiff and Bella.

39. When bitten by the Dog, the Plaintiff and Bella were lawfully on private property, to wit, 3936 Dominique Dr, Chalmette LA 70043.

39. The Defendants and each of them are strictly liable for the injuries and damages of the Plaintiff and Bella.

## FOURTH CAUSE OF ACTION:
## WILLFUL AND MALICIOUS INTENTIONAL INJURY

40. Each one of the allegations of the Actions above in paragraphs 1-39 are incorporated in this cause of action.

41. The Defendants and each of them willfully, wantonly and intentionally caused the Dog to bite and injure the Plaintiff and Bella on 04-29-2022.

## FIFTH CAUSE OF ACTION:
## NEGLIGENCE PER SE
## BASED ON VIOLATION OF ANIMAL CONTROL LAW

42. Each one of the allegations of Actions stated above in paragraphs 1-41 are incorporated in this cause of action.

43. On 04-29-2022 there existed in Chalmette, St Bernard Parish, State of Louisiana, an animal control ordinance to protect people and animals (the "Ordinance")

44. On 04-29-2022, the Defendants and each of them violated the Ordinance.

45. The Defendants' violation of the Ordinance was the sole and proximate cause of injury to Plaintiff and Bella on 04-29-2022.

46. The Ordinance was intended and designed to prevent the injury which Plaintiff and Bella suffered injury as alleged herein.

47. Plaintiff and Bella were members of the class of persons for whose protection the Ordinance was adopted.

48. Pursuant to failure of a governmental agency to issue a citation of the Dog bite and injury to Plaintiff and Bella, the Agency has violated the Ordinance by failing to store records concerning the Dog's inflicting personal injury in any data base as required by law.

## SIXTH CAUSE OF ACTION:
## NEGLIGENCE OF OWNERS OR POSSESSORS
## OF RESIDENTIAL REAL PROPERTY

49. Each one of the allegations of the Actions stated above in paragraphs 1-48 are incorporated in this cause of action.

50. On 04-29-2022, the Defendants and each of them were the owners, lessors and managers or control agency of the premises where the Dog inflicted injury.

51. Prior to 04-29-2022, the Defendants and each of them had actual knowledge that the Dog was dangerous and vicious to people upon said property.

52. Prior to and on 04-29-2022, the Defendants and each of them possessed the right, authority, means and opportunity to control the premises and the Dog, and thereby to have prevented the Dog from inflicting bodily injuries on the Plaintiff and Bella.

53. By reason of their knowledge that the Dog was dangerous and vicious to people and pets, and their control of the premises and the Dog, the Defendants and each of them had the duty to prevent injury to Plaintiff, and their unreasonable failure to do so constituted breach of that duty and was the proximate cause of the injuries and damages suffered by the Plaintiff.

## SEVENTH CAUSE OF ACTION:
## PREMISES LIABILITY OF OWNER OR POSSESSOR
## OF COMMERCIAL REAL PROPERTY

55. Each one of the allegations of Actions stated above in paragraphs 1-53 are incorporated in this cause of action.

54. Prior to 04-29-2022, the Defendants and each of them had actual or constructive knowledge that the Dog and dog breed was dangerous and vicious to people and pets upon said property.

55. By reason of their knowledge that the Dog was dangerous and vicious to people and pets, the Defendants and each of them had the duty to prevent injury to Plaintiff on the property and their unreasonable failure to do so constituted breach of that duty and was the proximate cause of the injuries and damages suffered by the Plaintiff.

**WHEREFORE** judgment is prayed for, providing that each Defendant, jointly and severally, pay the following, in amounts subject to proof at trial:

1. Medical treatment costs, psychological treatment costs, and other costs incurred by Plaintiff and Bella.

2. Loss of income incurred by the Plaintiff.

3. Loss of income expected to be incurred until the time of trial and in the future by the Plaintiff.

4. General damages for pain, suffering, physical disfigurement, and other intangible losses sustained by Mark E. Towner and Bella.

5. Loss of future earning capacity by the Plaintiff.

6. Legal costs.

7. Prejudgment and post judgment interest allowed by law.

8. Such other and further relief as the Court may deem proper.

05/12/2023

Respectfully submitted,

*/s/ Mark E. Towner*

Mark Edward Towner

21 Lakewood Pl
New Orleans, LA
70131

marktowner@outlook.com
704-711-2684